SUMMARY ORDER
Plaintiff, Joseph Agostinello, appeals from the district court’s February 2, 2009 judgment and order dismissing all of his claims, and granting summary judgment to Defendant, Great Neck Union Free School District. The court declined to exercise supplemental jurisdiction over Plaintiffs state law based failure to accommodate claim.
On December 15, 2005, Plaintiff filed a complaint in which he alleged various violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (“ADA”), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (“Title VII”), and the New York State Human Rights Law (“NYSHRL”), N.Y. Exec. Law §§ 296, 297. We presume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
For substantially the reasons stated by the district court, we affirm. Applying a de novo standard of review, we find that the grant of summary judgment to Defendant was appropriate. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir.2005). As we have previously noted, in discrimination actions, “summary judgment remains available ... in cases lacking genuine issues of material fact.” Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 40 (2d Cir.1994).
The district court properly found that Plaintiff did not demonstrate that he was disabled, or was regarded as disabled, within the meaning of the ADA. Agostinello v. Great Neck Union Free Sch. Dist., No. 05 Civ. 5838(WDW), 2009 WL 238865, at *15 (E.D.N.Y.2009); see also 42 U.S.C. §§ 12102(1)(A), 12102(1)(C); Muller v. Costello, 187 F.3d 298, 312-13 (2d Cir.1999); Reeves v. Johnson Controls World Servs., Inc., 140 F.3d 144, 153 (2d Cir.1998).
The district court properly granted summary judgment on Plaintiffs Title VII claims. Even assuming, arguendo, that Plaintiff established a prima facie case of discrimination under the framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), summary judgment in favor of Defendant was appropriate because Defendant provided legitimate, nondiscriminatory reasons for the adverse employment action and Plaintiff provided no evidence that Defendant’s proffered reasons were a pretext for discrimination. See Holcomb v. Iona Coll., 521 F.3d 130, 141 (2d Cir.2008).
*591 Plaintiffs hostile work environment claim must fail because he did not “produce evidence that the workplace [wa]s permeated with discriminatory intimidation, ridicule, [or] insult, that [wa]s sufficiently severe or pervasive to alter the conditions of [his] employment.” Patterson v. County of Oneida, 375 F.3d 206, 227 (2d Cir.2004) (internal quotation marks omitted). Plaintiffs retaliation claim must also fail. Plaintiff has not demonstrated a causal connection between his protected activity and the alleged adverse employment action. See Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 608-09 (2d Cir.2006).
The district court properly declined to exercise supplemental jurisdiction over Plaintiffs state law failure to accommodate claim. Agostinello, 2009 WL 238865, at *16; see also 28 U.S.C. § 1367(c); Seabrook v. Jacobson, 153 F.3d 70, 71-72 (2d Cir.1998). Therefore, as the court had dismissed all claims over which it had original jurisdiction, the district judge properly declined to issue an opinion as to whether Plaintiff has a cognizable claim under state law. See Giordano v. City of New York, 274 F.3d 740, 753-54 (2d Cir.2001).
The Court has reviewed Plaintiffs remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.